■ EDYTH JARRELL, as Administratrix of the Estate of KENNETH SAUNDERS, Deceased, v WYCKOFF HEIGHTS HOSPITAL et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. THOMPSON MEDICAL COMPANY, INC., et al., Third-Party Defendants-Appellants. (And a Second Third-Party Action.) [641 NYS2d 313] —Order, Supreme Court, Kings County (Leonard Scholnick, J.), entered on or about February 7, 1995, which denied the third-party defendants' motion for summary judgment dismissing the third-party complaints against them, is unanimously reversed, on the law, without costs, the motion is granted and the third-party complaints are dismissed.

We agree with the IAS Court that issues of fact exist concerning the possible connection between decedent's use of the Slim-Fast product and his death. However, the third-party complaint, which is grounded on the third-party defendants' failure to warn, must be dismissed as the pre-diabetic condition which was allegedly aggravated by the use of the Slim-Fast shakes resulting in the decedent's demise was unknown to decedent at the time he began his diet. Therefore, any warning placed on the product would have been meaningless to decedent, who was unaware of his pre-existing condition (*see, Kaempfe v Lehn & Fink Prods. Corp.*, 21 AD2d 197, *affd* 20 NY2d 818). Accordingly, the failure to warn decedent of possible complications for people with pre-diabetic conditions could not have proximately caused his death. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.